UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60338-CIV-COHN/SNOW

ANTOINETTE D. ALLEN

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY;
CAPITAL ONE SERVICES, INC.;
CITIGROUP INC.;
EQUIFAX INFORMATION SERVICES, L.L.C. ;
EXPERIAN INFORMATION SOLUTIONS, INC;
TRANS UNION, L.L.C.

    Defendants.
_____/

## ORDER DENYING DEFENDANT CITIBANK (SOUTH DAKOTA), N.A.'s MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Citibank (South Dakota), N.A.'s Motion to Dismiss [DEs 31 & 32]. The Court has carefully considered the Motion and Plaintiff's Response [DE 37] and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

Plaintiff Antoinette D. Allen brings this cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), for damages allegedly caused by Defendants' failure to properly investigate and accurately report information on her credit reports. Plaintiff alleges that Defendant Citibank (South Dakota), N.A. ("Citibank")

---

[1] On July 13, 2007, the Court heard oral argument on Defendant Citibank's Motion to Dismiss in Agostinho v. Capital One Services, Inc., et al., Case No. 07-20674. The claims raised in that Motion are identical to the claims raised herein and the parties are represented by the same counsel. As such, the Court considered the July 13 argument when deciding the instant Motion.

violated 15 U.S.C. § 1681s-2(b) when it failed to properly investigate and correct inaccurate or incomplete information reported to Credit Reporting Agencies (CRAs) in response to Plaintiff's formal dispute filed in accordance with § 1681i(a)(2). Specifically, Plaintiff disputed the way in which Citibank reported her credit card information to the CRAs insofar as her credit limit was omitted or reported as $0.00. She claims that the omission of this information has the effect of artificially increasing her debt to credit ratio and decreasing her credit score. Citibank now moves to dismiss the Amended Complaint alleging that Plaintiff does not have a right to a private cause of action against Defendant in this matter. Alternatively, Citibank argues that in light of the holding in Baker v. Capital One Bank ("Baker I"), No. CV 04-1192-PHX-NVW, 2006 WL 173668 (D. Ariz. Jan. 24, 2006), Plaintiff cannot state a claim upon which relief may be granted.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965. As under Conley, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts

in the plaintiff's favor.  Id. at 1964-65.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 1965 (citation omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible."  Id. at 1974.

## B.  Private Cause of Action Under FCRA

This case raises claims under 15 U.S.C. § 1681s-2.  This section, entitled "Responsibilities of furnishers of information to consumer reporting agencies," requires furnishers of credit information who discover inaccuracies or incompleteness to promptly notify the CRAs of necessary corrections or additional information needed to ensure completeness and accuracy, and to avoid furnishing the incomplete and inaccurate information in the future.  15 U.S.C. § 1681s-2(a)(2)(B).   Although a private consumer does not have a cause of action against a furnisher for violation of § 1681s-2(a), an individual does have a claim against a furnisher who violates § 1681s-2(b).  15 U.S.C. § 1681s-2(d).  Under § 1681s-2(b), a furnisher who receives notice from a CRA that a consumer formally disputes (in accordance with § 1681i(a)(2)) either the completeness or accuracy of any information provided by the furnisher to a CRA must: 1) conduct an investigation with respect to the disputed information; 2) review all

relevant information provided by the CRA to the furnisher regarding the dispute; 3) report the results of the investigation to the CRA; and 4) report any findings of incompleteness or inaccuracy to all other CRAs to which the information was furnished. A consumer may dispute "the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency." 15 U.S.C. § 1681i.

The FCRA is silent as to the duty of care required in performing the furnisher's investigation. Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F. Supp. 2d 492, 510 (D. Md. 2004). However, in Johnson v. MBNA Am. Bank, N.A., the Fourth Circuit held that the FCRA requires creditors faced with a consumer dispute "to conduct a reasonable investigation of their records to determine whether the disputed information can be verified." 357 F.3d 426, 431 (4th Cir. 2004). The reasonableness of the furnisher's investigation is a question of fact for jury determination. E.g., Baker v. Capital One Bank ("Baker II"), No. CV 04-1192-PHX-NVW, 2006 WL 2523440, at *5 (D. Ariz. Aug. 29, 2006); Akalwadi, 336 F. Supp. 2d at 510.

In this case, Plaintiff alleges that Citibank negligently and willfully failed to conduct a proper investigation. In support of this allegation, Plaintiff claims that Citibank did not discover a glaring error in the information it furnished to CRAs. The Court finds that under the motion to dismiss standard, these allegations are sufficient to establish a right to a private cause of action for violation of § 1681s-2(b). Whether the investigation was reasonable is an issue of fact which must be determined at a later point in the litigation. As such, the Amended Complaint states a plausible claim for

relief.[2]

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Citibank (South Dakota), N.A.'s Motion to Dismiss [DEs 31 & 32] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of July, 2007.

JAMES I. COHN
United States District Judge

copies to:
All counsel of record on CM/ECF

---

[2] The parties also disagree as to whether the "complete and accurate" reporting requirement in the FCRA includes the obligation to furnish information about a consumer's credit limit to the credit bureaus. The Court acknowledges that in a factually similar case, a court in the District of Arizona granted summary judgment in favor of the defendant furnisher and against a pro se plaintiff and determined that the FCRA does not require the reporting of a credit limit.  Baker v. Capital One Bank ("Baker I"), No. CV 04-1192-PHX-NVW, 2006 WL 173668 (D. Ariz. Jan. 24, 2006).  Despite this holding, the Court finds that at this stage of the litigation, Plaintiff has sufficiently stated a claim to entitle her to conduct additional discovery to further develop the facts of this case including the reasonableness of Citibank's investigation.